

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-13-2006

# USA v. Ordaz

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3215

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Ordaz" (2006). *2006 Decisions*. Paper 910.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/910

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-3215
_____

UNITED STATES OF AMERICA

v.

BERTO ORDAZ,
also known as POPI

Berto Ordaz,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 98-cr-00587)
District Judge:  The Honorable Anita B. Brody

_____

Submitted Under Third Circuit LAR 34.1(a)
June 8, 2006

BEFORE: AMBRO, FUENTES, and NYGAARD, Circuit Judges.

(Filed  June 13, 2006 )

_____

OPINION OF THE COURT

_____

NYGAARD, Circuit Judge.

## I.

In 1998, a grand jury returned a 47 count indictment against Appellant, Berto Ordaz, and 17 co-defendants charging them with numerous crimes involving a wide-ranging drug distribution conspiracy. Ordaz himself was charged with conspiracy to distribute cocaine and three counts of using a telephone in furtherance of a drug conspiracy. After trial, the jury returned a verdict of guilty against Ordaz on the conspiracy count (count 1) and on one count of using a telephone in furtherance of a drug conspiracy (count 47). Ordaz was subsequently sentenced to 240 months' imprisonment on count 1 and 30 months on count 47 to be served consecutively for a total of 270 months. Ordaz appealed to a panel of this Court which affirmed his conviction on count 1 but reversed his conviction on count 47 and remanded for resentencing under *United States v. Booker*, 543 U.S. 220 (2005). In the interim, Ordaz filed a petition for certiorari with the United States Supreme Court which was denied. In 2005, the District Court again sentenced Ordaz to 240 months' imprisonment on the conspiracy count. This appeal followed.

## II.

We agree with appellate counsel that Ordaz's appeal is wholly frivolous and therefore, accept his brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967).

2

Appointed appellate counsel who finds a case to be frivolous after a careful examination of the record must so advise the Court of Appeals and seek permission to withdraw. *Id.* at 744. Counsel's request to withdraw must be accompanied by a brief identifying the issues which are arguably meritorious and may support the appeal. *Id.* Counsel must identify any "issues arguably supporting the appeal even though the appeal [is] wholly frivolous," *Smith v. Robbins*, 528 U.S. 259, 285 (2000), explain to the court why they are frivolous, *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2001), and demonstrate that he "thoroughly scoured the record in search of appealable issues," *id.* at 780.

Appellate counsel has identified three issues that arguably support Ordaz's appeal and explained why they are nevertheless frivolous. We agree. The record shows that Ordaz was provided with a copy of his appellate counsel's *Anders* brief and given the opportunity to raise any non-frivolous issues in a pro se brief – an opportunity of which he failed to take advantage. We conclude that appellate counsel has met his obligations under *Anders*. Consequently, his motion to withdraw will be granted.

Even if we concluded that the issues identified by appellate counsel were not frivolous, Ordaz has waived these arguments because he failed to raise them on direct appeal. An appeal from resentencing does not permit him to raise issues challenging his conviction because all of those issues should have been raised in his initial appeal. *See United States v. Pultrone*, 241 F.3d 306 (3d Cir. 2001). In *Pultrone*, we held that because the defendant voluntarily dismissed his direct appeal and thereby failed to pursue his

3

claims of error, this Court lacked jurisdiction to review those arguments when he raised them on appeal following resentencing. "By withdrawing his [initial] notice of appeal, [Pultrone] has waived his right to appeal issues conclusively established by that judgment." *Id.* at 307 (quoting *United States v. Mendes*, 912 F.2d 434, 438 (10th Cir. 1990)). Unlike the defendant in *Pultrone*, Ordaz filed, pursued and followed his direct appeal through to the end but raised none of the issues challenging his conviction that he now raises before this Court. We will not entertain these issues at this late date.

Accordingly, the judgment of the District Court resentencing Ordaz to 240 months' imprisonment on the conspiracy count will be affirmed.