**UNITED STATES of America, Appellee**

v.

**Kevin A. MINNIS, Appellant.**

No. 05–4455.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 27, 2007.

Filed: March 1, 2007.

**114**

Curtis R. Douglas, Office of United States Attorney, Philadelphia, PA, for Appellee.

Kevin A. Minnis, White Deer, PA, pro se.

Before: McKEE and ALDISERT, Circuit Judges, and RESTANI *, Judge.

## OPINION

RESTANI, Judge.

Defendant Kevin A. Minnis appeals his sentence for possession of cocaine base with intent to distribute, carrying a firearm during and in relation to a drug trafficking felony, and possession of a firearm by a felon. Minnis' counsel has filed a motion to withdraw and has submitted a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that the issues raised in the appeal are wholly frivolous. For the reasons stated below, we will affirm the sentencing order and grant counsel's request to withdraw.

## I. Factual and Procedural History

This case arises from a high-speed car chase and resulting arrests on September 28, 2001. Minnis and co-defendants Reginal Scott and Kevin Davis were tried together before a jury in the Eastern District of Pennsylvania. Each defendant was charged with possession of cocaine base with intent to distribute under 21 U.S.C. § 841(a)(1) and carrying firearms during and in relation to the underlying drug felony, 18 U.S.C. § 924(c)(1)(A), and Minnis faced an additional charge of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). Each of the defendants were convicted on all counts.

The defendants were sentenced separately. Davis was sentenced to 37 months of imprisonment on the possession charge, a consecutive term of seven years on the firearms count, five years of supervised release and a special assessment of $200. Scott received 63 months of imprisonment on the first charge, followed by a consecutive sentence of 120 months imprisonment on the second charge, five years supervised release and a special assessment of $200. Minnis was sentenced to 262 months for the first two charges, plus a consecutive sentence of 60 months on his additional charge, resulting in a total sentence of 322 months of imprisonment. He also received a supervised release term of five years and special assessment of $300. All three defendants filed timely notices of appeal.

---

* Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

On February 11, 2005, we affirmed the appellants' judgments of conviction, but remanded the cases for resentencing pursuant to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *United States v. Davis*, 397 F.3d 173 (3d Cir.2005). We denied the government's request for rehearing in *United States v. Davis*, 407 F.3d 162 (3d Cir.2005) (en banc), setting forth the general rule that plain error would be presumed where the District Court applied the sentencing guidelines as mandatory prior to *Booker* and the case remained on direct appeal when *Booker* was decided. *Id.* at 165. Accordingly, the cases returned to the District Court for resentencing.

On August 1, 2005, the District Court again sentenced Minnis to a total of 322 months imprisonment, plus five years supervised release and a special assessment of $300. Pursuant to *Booker*, the District Court also issued a written Order setting forth its reasons for imposing the sentence. Minnis filed timely appeal.[1]

On September 29, 2006, Minnis' counsel filed an *Anders* brief, seeking to withdraw on the grounds that Minnis' appeal raises no meritorious issues.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction over the federal criminal charges pursuant to 18 U.S.C. § 3231. We have jurisdiction to review a final judgment of the District Court under 28 U.S.C. § 1291.

Our review of the constitutionality of sentencing procedures is plenary. *United States v. Barbosa*, 271 F.3d 438, 452 (3d Cir.2001). We review sentences for reasonableness. *Booker*, 543 U.S. at 261, 125 S.Ct. 738.

## III. Discussion

Third Circuit Local Appellate Rule 109.2(a) states that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders*." 3d Cir. R. 109.2(a). Counsel's brief must refer "to anything in the record that might arguably support the appeal," including applicable legal authorities, and a copy of the brief must be provided to the appellant with an opportunity to respond. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396. Our inquiry under this rule is twofold: 1) "whether counsel adequately fulfilled the rule's requirements," and 2) "whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001). Where counsel files an adequate *Anders* brief, "we confine our scrutiny to those portions of the record identified by [the *Anders* brief] ... [and] those issues raised in Appellant's *pro se* brief." *Id.* at 301.

Here, counsel identifies one possible basis for appeal: the jury did not determine whether Minnis had been previously convicted of the three prior serious offenses required for the judge to impose a minimum sentence of fifteen years under 18 U.S.C. § 924(e). Counsel points to applicable law to indicate that this claim is unsupported. Under *Almendarez–Torres*, prior convictions not submitted to the jury may be used in sentencing to increase the applicable penalty. *Almendarez–Torres v. United States*, 523 U.S. 224, 244, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although the scope of *Almendarez–Torres* has been called into question following *Booker* and

---

1. The sentences of Davis and Scott were also reimposed, and Scott filed timely appeal, pending at No. 05–4472. Davis did not appeal.

*Apprendi, Apprendi* declined to overturn *Almendarez–Torres* with respect to prior convictions. *Apprendi v. New Jersey,* 530 U.S. 466, 489–90, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This court has also upheld a District Court's use of prior convictions for the purposes of sentencing enhancement. *United States v. Jones,* 332 F.3d 688, 694–95 (3d Cir.2003). In addition, counsel's brief notes that even if there was legal support for this argument, Minnis stipulated at trial to the existence of the three prior convictions. For these reasons, it is evident that counsel searched the record and relevant law and found that there is nothing to support Minnis' appeal.

■ In his *pro se* brief, Minnis objects to the jury instructions submitted on the 18 U.S.C. § 924(c) charge, and argues that his sentence is unreasonably disproportionate to those imposed on Scott and Davis. Both of these arguments are also without merit. In the previous appeal, we examined and rejected challenges to Minnis' conviction, and remanded only on the issue of resentencing consistent with *Booker. See Davis,* 397 F.3d at 183. In addition, Minnis did not raise the challenge to the jury instructions in the initial appeal, and this issue is therefore waived. *United States v. Ordaz,* 184 Fed.Appx. 229, 229–30 (3d Cir.2006) (not precedential) (citing *United States v. Pultrone,* 241 F.3d 306 (3d Cir.2001)). Even if not waived, this argument is legally unfounded. The jury instructions clearly state the elements of the offense, and explain that each element must be proved beyond a reasonable doubt. The statement of the underlying offense required to reach Minnis' related firearms charge under § 924(c) sets forth an essential element of the charge that may be properly included in the instructions to the jury.

■ Similarly, Minnis' argument that his sentence is unreasonably disproportionate to those of Scott and Davis is unsupported by existing law. This court has held that sentencing disparity among co-defendants does not render a sentence unreasonable. *United States v. Parker,* 462 F.3d 273, 277 (3d Cir.2006), *cert. denied,* —— U.S. ——, 127 S.Ct. 462, 166 L.Ed.2d 329 (2006) ("We have concluded that Congress's primary goal ... was to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case.") Minnis' sentence does not exceed statutory guidelines,[2] and the District Court took into account all necessary factors under the relevant statutes. Minnis fails to note that his higher sentence resulted in significant part from the fact that he was deemed an armed career criminal by the court, and was convicted of an additional charge not faced by his co-defendants.

Therefore, we find that counsel's *Anders* brief explored all possible issues for appeal and properly explained why the appeal presents no issue of arguable merit. Counsel's brief was provided to Minnis with adequate opportunity to respond, and the *pro se* brief raises no additional non-frivolous issues. Our independent review of the record supports these conclusions.

---

**2.** The maximum term of imprisonment for possession of cocaine base with intent to distribute is thirty years. 21 U.S.C. § 841(b)(1)(C). The maximum sentence for possession of a firearm in connection with a drug trafficking offense is life imprisonment, with a mandatory minimum sentence of five years pursuant to 18 U.S.C. § 924(c)(1)(A). The maximum sentence for possession of a firearm by a convicted felon is life imprisonment, with a mandatory minimum term of not less than fifteen years. 18 U.S.C. § 922(g)(1), § 924(e). Minnis' offense level was 34 and his criminal history category was VI, which produces a range of 262 to 327 months under the Guidelines, plus 60 months imposed by the District Court under 18 U.S.C. § 924(c).

For these reasons, we hold that the requirements of LAR 109.2(a) have been fulfilled.

Accordingly, we will AFFIRM Minnis' sentence and GRANT defense counsel's motion to withdraw.