

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-26-2007

# USA v. Potts

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4744

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Potts" (2007). *2007 Decisions.* Paper 375.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/375

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 05-4744, 05-4914 and 06-1821

_____

UNITED STATES OF AMERICA
v.
RICHARD POTTS
also known as NASIR HAQQ
also known as NASIR JONES
also known as NASIR
also known as NAZ

Richard Potts,
Appellant Case  No.  05-4744

_____

UNITED STATES OF AMERICA
v.
KEITH WATERS
a/k/a KEITH MOORE
a/k/a KARATE KEITH
a/k/a MR. KEITH

KEITH WATERS,
Appellant Case No.  05-4914

_____

UNITED STATES OF AMERICA
v.
TRAVIS COFFEY
a/k/a Trav
a/k/a Travis

Travis Coffey,
Appellant Case No.  06-1821

_____

Appeals from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 01-cr-00457-3, 2, and 11)
District Judge: Honorable James T. Giles

Submitted Under Third Circuit LAR 34.1(a)
September 11, 2007

Before: SCIRICA, Chief Judge, RENDELL and FUENTES, Circuit Judges.

(Filed   September 26, 2007  )

OPINION OF THE COURT

RENDELL, *Circuit Judge*.

Richard Potts, Keith Waters, and Travis Coffey appeal the orders entered by the

District Court following our remand of all three cases for resentencing in light of the

Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).  In this

appeal, Potts and Waters challenge their convictions and sentences and Coffey challenges

his sentence.  We have jurisdiction over the appeals pursuant to 28 U.S.C. § 1291 and 18

U.S.C. § 3742 and we will affirm.

I.

Following a jury trial, Richard Potts was convicted of conspiracy to distribute

cocaine base, in violation of 21 U.S.C. § 846, and murder in furtherance of a continuing

criminal enterprise, in violation of 21 U.S.C. § 848.  The District Court sentenced Potts to

life imprisonment on each count.  Potts appealed his sentence and conviction.  On appeal,

we affirmed Potts' conviction, but remanded for resentencing in light of the Supreme Court's decision in *Booker*. On remand, Potts was again sentenced to life imprisonment. This appeal followed.

Potts' counsel has filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), in which he states that there are no non-frivolous grounds for appeal and asks for leave to withdraw as counsel. "If the court is satisfied that counsel has diligently investigated the possible grounds of appeal, and agrees with counsel's evaluation of the case, then leave to withdraw may be allowed and leave to appeal may be denied." *Anders,* 386 U.S. at 741-42. We are satisfied that counsel thoroughly reviewed the record and we agree with counsel's assessment that there are no non-frivolous grounds for appeal.

Potts has filed a pro se brief offering three grounds for appeal. First, Potts argues that the District Court committed error during the jury voir dire. However, in Potts' previous appeal, we examined and rejected Potts' challenges to his conviction, and remanded only for resentencing. Potts did not raise the challenge to the voir dire in his initial appeal, and this argument is therefore waived. *See United States v. Pultrone,* 241 F.3d 306, 307-08 (3d Cir. 2001).

Potts' next argument, that the District Court erred by finding that the substance he distributed was crack, rather than powder cocaine, is frivolous. Potts was charged in the indictment with possession of "crack," the jury returned a guilty verdict on this count, and there is no question that there was sufficient evidence presented at trial to allow the jury

3

to conclude that the substance Potts conspired to distribute was crack cocaine.

Finally, Potts argues that the sentence imposed by the District Court was unreasonable because the Court failed to give adequate consideration to all of the factors in 18 U.S.C. § 3553(a). This argument is also frivolous. The record reflects that the District Court considered all of the factors in § 3553(a) and did not give undue weight to the Guidelines sentencing range in its § 3553(a) analysis.

Potts also raises several arguments for the first time in his reply brief and in the supplement to his reply brief. He argues that the District Court erred by finding facts at sentencing based on a preponderance of the evidence and by not specifically instructing the jurors that they must find that Potts was individually responsible for 50 grams or more of cocaine base. He also contends that his counsel was ineffective at trial, sentencing, and on appeal. However, absent extraordinary circumstances, an argument not raised and argued in the opening brief is deemed abandoned. *See, e.g., Kost v. Kozakiewicz,* 1 F.3d 176, 182 (3d Cir. 1993) (holding that all issues must be raised and argued in the opening brief). Furthermore, we find that, even if these arguments had not been abandoned, they too are frivolous.

Accordingly, we will affirm Potts' conviction and the sentence imposed by the District Court and grant his counsel's motion to withdraw.

## II.

Following a jury trial, Keith Waters was convicted of conspiracy to distribute

4

more than 50 grams of cocaine base within 1000 feet of a school zone, in violation of 21

U.S.C. § 846(b)(1), § 841(a)(1), and § 860, and was sentenced to life imprisonment.

Waters appealed his sentence and conviction. On appeal, we affirmed his conviction, but

remanded for resentencing in light of the Supreme Court's decision in *Booker*. On

remand, the District Court determined that Waters' Guidelines sentencing range was life

imprisonment. Waters was resentenced by the District Court to 30 years imprisonment.

This appeal followed.

Waters argues that the District Court erred by failing to vacate his conviction based

on the government's misconduct in a prior prosecution, No. 00 Cr. 522, during which,

Waters contends, the government promised Waters that his guilty plea in that matter

would resolve all known criminal prosecutions pending again him. In the prior

prosecution, Waters was charged with several offenses, including three counts of

distribution of more than 5 grams of cocaine base within 1000 feet of a school, and

conspiracy. In December 2000, Waters entered into a plea agreement, in which the

government agreed to dismiss all the remaining counts in the 00-522 indictment if Waters

pled guilty to the three counts of distribution. Waters pled guilty on December 18, 2000.

On August 8, 2001, Waters was charged in the instant matter, No. 01 Cr. 457, with one

count of conspiracy to distribute cocaine base and was subsequently convicted. In March

2004, Waters' moved to vacate his sentence in the 00-522 case. The motion was granted

on the ground that Waters' counsel was ineffective by giving incorrect information to

5

Waters concerning the provisions of the plea agreement, which resulted in Waters entering into the plea agreement unknowingly and involuntarily. Waters' conviction and sentence in the 00-522 case were vacated and a new trial was scheduled. First, we conclude that Waters' challenge to his conviction in this case is waived because he failed to raise it in his initial appeal. *See United States v. Ordaz,* 184 Fed. Appx. 229, 229-30 (3d Cir. 2006) (not precedential) (citing *United States v. Pultrone,* 241 F.3d 306 (3d Cir. 2001)). In Waters' initial appeal, we examined and rejected challenges to his conviction, and remanded only for resentencing. At the time of his initial appeal, Waters was aware of all of the circumstances relevant to the challenge he now brings. Furthermore, Waters' argument is without merit. The conspiracy charge in the prior prosecution was dismissed before jeopardy attached, and the government never agreed in the plea agreement in the prior prosecution to refrain from bringing additional charges against Waters related to his involvement in Daniel Coach's drug organization.

Waters also contends that the 30-year sentence imposed by the District Court on resentencing was unreasonable because it was greater than necessary to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). We review the District Court's sentence for reasonableness. *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006). We cannot conclude that the District Court's sentence of 30 years imprisonment was unreasonable. Accordingly, we will affirm Waters' conviction and the sentence imposed by the District Court.

6

### III.

Following a jury trial, Travis Coffey was convicted of conspiracy to distribute more than 50 grams of cocaine base within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), § 846, and § 860; carrying a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A); possession with intent to distribute more than 5 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B); and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). He was sentenced to a total of 42 years imprisonment. Coffey appealed his sentence and conviction. On appeal, we affirmed his conviction, but remanded for resentencing in light of the Supreme Court's decision in *Booker*. On remand, the District Court determined that Coffey's Guidelines sentencing range was 360 months-to-life for his drug-related offenses, plus a mandatory minimum consecutive sentence of five years' imprisonment for the firearm charge. Coffey was sentenced to 372 months' imprisonment for the drug-related offenses plus 60 months for the firearm offense, for a total sentence of 36 years' imprisonment. This appeal followed.

Coffey raises two challenges to his sentence. First, he argues that the District Court erred by treating the Guidelines as essentially mandatory. Coffey points out the Court's statements at sentencing:

> I understand that the Sentencing Guideline is not mandatory, but under *Booker*, the Court would have to have some dramatically forceful factual reasons to depart from the Sentencing Guidelines in order to come to a reasonable sentence. The Court does not have the same kind of discretion

7

that it had prior to the Sentencing Guidelines, even under *Booker*. Some would argue that a sentence within the Guideline range is presumptively reasonable and one that is outside the Guideline range dramatically so, is presumptively unreasonable. Especially in the absence of some compelling factual situation that is appropriate to be taken into consideration under 3553(a).

App. 58-59.

We find the District Court's comments concerning presumptions of reasonableness and unreasonableness troubling. As the Supreme Court made clear in *Rita v. United States*, 217 S. Ct. 2456 (2007), "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Id*. at 2465. Courts of appeals review sentences for reasonableness, *Cooper*, 437 F.3d at 327, but sentencing courts should not consider the presumptive "reasonableness" of any given sentence. Rather, a sentencing court must follow the three-step process we outlined in *United States v. Gunter,* 462 F.3d 237, 247 (3d Cir. 2006) in determining what sentence to impose.

However, we conclude, based on our consideration of all of the District Court's statements at sentencing, that the Court did not treat the Guidelines as mandatory, rather than advisory, and gave adequate consideration to the § 3553(a) factors and the arguments of the parties, without giving undue weight to the Guidelines' sentencing range. *See Cooper*, 437 F.3d at 327. The Court clearly demonstrated its understanding that the Guidelines were not mandatory, and discussed its consideration of the § 3553(a) factors as they related to the specific facts of Coffey's case, specifically discussing Coffey's rehabilitation, the seriousness of his offense, and sentences imposed on similarly situated

8

defendants. App. 60-64. We also note that, after considering these factors, the Court imposed a sentence that was near the bottom of the Guidelines' sentencing range, but did not impose the minimum Guidelines sentence. The District Court's decision not to impose even the minimum Guidelines sentence further undermines Coffey's contention that the District Court felt bound by the Guidelines and might therefore have imposed a lesser sentence had it correctly apprehended its authority to sentence Coffey to a below-Guidelines sentence and given greater weight to Coffey's arguments for doing so.

Coffey also contends that the District Court erred at sentencing in refusing to consider the Sentencing Commission's findings regarding the 100:1 disparity in the Guidelines sentencing ranges for crack cocaine and powder cocaine. We have held that, post-*Booker*, "a sentencing court errs when it believes that it has no discretion to consider the crack/powder cocaine differential incorporated in the Guidelines–but not demanded by 21 U.S.C. § 841(b)–as simply advisory at step three of the post-*Booker* sentencing process." *Gunter*, 462 F.3d at 249. Furthermore, "[w]hile the views of the Sentencing Commission may not be used to justify a new ratio altogether, district courts may consider the analysis in the Commission's reports when applying the § 3553(a) factors to a specific case and defendant." *United States v. Ricks*, 494 F.3d 394, 2007 WL 2068098, at *6 (3d Cir. 2007). However, after stating our holding in *Gunter*, we also noted that "the District Court is under no obligation to impose a sentence below the applicable Guidelines range solely on the basis of the crack/powder cocaine differential." *Gunter*, 462 F.3d at 249.

9

Here, when presented with Coffey's argument that he should be sentenced below the Guidelines sentencing range based on the Guidelines' unequal treatment of crack and powder cocaine, the Court noted that it also had to consider at sentencing what disparities the Court might create between Coffey and his co-defendants if the Court imposed a lesser sentence on Coffey on the ground that the Guidelines' unequal treatment of crack versus powder cocaine is unwarranted. App. 37. The Court also observed that "different Judges may feel differently about crack cocaine and powder, so you have a disparity all over the country if Judges depart – if Judges, some Judges treat powder the same as crack or some don't," and that in other cases the Court "had taken the position that the Court does not have the discretion to say powder is the same as crack." App. 58.

We find no error in the District Court's decision not to sentence Coffey to a lesser term of imprisonment based on the 100:1 crack/powder cocaine drug quantity ratio provided for in the Sentencing Guidelines. The Court correctly apprehended its authority under § 3553(a) to consider the unequal treatment of crack and powder cocaine offenses under the Guidelines in determining what sentence to impose on Coffey, but declined to impose a lesser sentence based on Guidelines' harsh treatment of crack offenses largely based on its consideration of the other factors listed in § 3553(a), particularly "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(6).

IV.

Accordingly, for the reasons set forth above, we will affirm the judgment of the District Court as to all three defendants and grant Potts' counsel's motion to withdraw.