

Villanova University School of Law Digital Repository

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-22-2009

# USA v. Garba

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4594

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Garba" (2009). *2009 Decisions.* Paper 2000.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2000

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4594
_____

UNITED STATES OF AMERICA

v.

OSMAN GARBA,
                    Appellant

Appeal from the United States
District Court for the District of New Jersey
(D.C. No. 99-cr-00704)
District Court Judge: Honorable Mary Little Cooper

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 8, 2009

_____

Before: FUENTES, FISHER and ALDISERT, *Circuit Judges*,

(Opinion Filed: January 22, 2009)

_____

**OPINION**

_____

FUENTES, *Circuit Judge*:

Anthony G. Simonetti, Esq., appellate counsel for Osman Garba ("Garba"), Defendant below, moves to withdraw as counsel pursuant to Anders v. California, 386 U.S. 738 (1967). We will grant the motion and affirm Garba's conviction and sentence.

I.

Because we write primarily for the parties, we set forth only those facts necessary to our decision. Garba, a native of Ghana, was indicted in the United States District Court for the District of New Jersey for involvement in an international conspiracy to distribute cocaine. On February 28, 2002, Garba moved to dismiss the indictment for Speedy Trial Act violations. The District Court denied the motion. On March 11, 2002, pursuant to a written agreement, Garba pled guilty to conspiracy to distribute and to possess with intent to distribute more than 15 kilograms of cocaine in violation of 21 U.S.C. §§ 841 and 846. The government dismissed the rest of the charges.

Under the agreement, Garba stipulated that, inter alia, the drug amount was between 15 and 50 kilograms. At sentencing on June 26, 2002, Garba attempted to dispute the quantity of drugs, claiming that he only pled guilty because he thought he could raise the issue at sentencing. Garba then moved to withdraw his guilty plea. The District Court held extensive hearings and ultimately denied the motion.

The District Court sentenced Garba to 320 months imprisonment on November 18, 2003. Garba appealed the denial of his motion to withdraw the guilty plea, the denial of

his Speedy Trial Act claim, and the sentence. We affirmed on June 6, 2005, but remanded for re-sentencing pursuant to United States v. Booker, 543 U.S. 220 (2005).

The District Court re-sentenced Garba to 280 months imprisonment on November 28, 2007.[1] Garba timely appealed. Simonetti contends there are no non-frivolous issues for appeal and seeks to withdraw. We have jurisdiction under 28 U.S.C. § 1291.

II.

The Supreme Court in Anders held that if appointed appellate counsel "finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal."[2] 386 U.S. at 744.

We must consider "(1) whether counsel adequately fulfilled [Local Rule 109.2(a)'s] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). The first prong is dispositive, and "'except in those cases in which frivolousness is patent, we will reject briefs . . . in which counsel argue the purportedly frivolous issues aggressively without explaining the faults in the arguments, as well as those where we are not satisfied that counsel adequately attempted to uncover the best arguments for his or her client.'"

---

[1] Judgment was entered on December 21, 2007.

[2] This process is mirrored by our Local Appellate Rule 109.2(a). 3d Cir. R. 109.2(a).

3

Id. at 300 (quoting United States v. Marvin, 211 F.3d 778, 781 (3d Cir. 2000) (alteration in original)).

Under the first prong, we find counsel's Anders brief to be inadequate. Simonetti did not "fully and intelligently discuss[] the issues" that may arise, nor did he attempt "to uncover the best arguments for his . . . client" and explain their faults. Marvin, 211 F.3d at 780 n.3, 781.

Simonetti focused only on the District Court's compliance with Federal Rule of Criminal Procedure 32 and its three-step sentencing procedure. Simonetti recounts the District Court's re-sentencing, step-by-step, explaining the calculations at step one, the consideration of departure motions at step two (noting only that the District Court had discretion to consider departures), and the consideration of the Section 3553(a) factors at step three.

While Simonetti concluded there were no non-frivolous issues for appeal, he did not explain specific issues his client may raise nor did he provide legal analysis to discount them. By contrast, Garba filed two pro se briefs, presenting four arguments: (1) Garba did not waive his Speedy Trial Act rights; (2) the District Court lost its jurisdiction due to constructive amendment of the indictment or because the indictment failed to state an offense; (3) Mr. Rhoads, Garba's trial counsel, provided ineffective assistance because he failed to inform Garba that an unconditional guilty plea would waive his Speedy Trial Act claim; and (4) the sentence was unreasonable (based on disparity of sentence, over-

4

representation of criminal history, and the District Court's failure to depart downwardly).[3]

Regardless, after our own review of the record, we find that the issues presented by Garba are patently frivolous under the exception set forth in Marvin.

III.

1.

Garba contends that he did not waive his right to appeal the denial of his Speedy Trial Act motion in light of Zedner v. United States, 547 U.S. 489 (2006) or, alternatively, that his guilty plea was not knowing and voluntary because at the time he thought he would be able to appeal. Zedner is not relevant, however, because there the Supreme Court held that "a defendant may not prospectively waive the application of the [Speedy Trial] Act." Id. at 503 (emphasis added). There was no prospective waiver in this case. Indeed, Garba unsuccessfully moved to dismiss the indictment based on the Speedy Trial Act.

Furthermore, Garba cannot attack his guilty plea due to his erroneous impression that he could appeal the denial of his Speedy Trial Act claim. During the plea colloquy, the government conceded that there was "nothing in the plea agreement where he waives any of his rights that he doesn't normally waive by entering a plea of guilty." The District Court emphasized, and Garba understood, that the propriety of the appeal was up to the Third Circuit. In fact, Rhoads spoke with Garba regarding the appeals and told the

---

[3] The government responded to Garba's briefs with a detailed twenty-two-page opposition brief.

5

District Court "it may well be that the 3rd Circuit may say it's not cognizable on appeal. I wanted [Garba] to be aware of that before we go any further. And he's aware of that."

Moreover, the District Court did not fail to inform Garba of his waiver of appellate rights. At the time of the guilty plea – March 11, 2002 – we had not yet officially held that an unconditional guilty plea constituted a waiver of Speedy Trial Act rights. We so held in Washington v. Sobina, 475 F.3d 162, 164 (3d Cir. 2007), nearly five years later. Given the state of the law, the District Court accurately informed Garba that we would have had to decide whether a Speedy Trial Act claim could be heard on appeal despite a plea of guilty. That we ultimately decided contrary to Garba's position is of no moment. Indeed, "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." Brady v. United States, 397 U.S. 742, 757 (1970).

## 2.

Garba's jurisdictional argument is frivolous. Garba claims that overly broad facts set forth by the government at the plea colloquy constructively amended the indictment to charge him with exportation crimes. Garba thus argues that he was convicted of a crime he was not indicted for, and/or that the indictment failed to state an offense.

In his first appeal Garba did not challenge the District Court's jurisdiction or allege a constructive amendment of the indictment. Therefore, because this "allegation[] of error could and should have been raised" in his first appeal, Garba "failed to preserve

6

these issues" and we are accordingly without jurisdiction to review this argument now.

United States v. Pultrone, 241 F.3d 306, 307 (3d Cir. 2001).[4]

3.

Garba's ineffective assistance of counsel claim is also frivolous.

> It has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack. Nonetheless, we have held that we may address the claim of ineffective assistance of counsel on direct appeal when the record is sufficient to allow determination of the issue.

United States v. Thornton, 327 F.3d 268, 271 (3d Cir. 2003) (internal citation omitted).

Garba argues that the exception applies here. We do not agree.

The record is not sufficient for us to evaluate Rhoads's strategy and advice regarding Garba's plea and his Speedy Trial Act claim. The District Court's opinion only addressed Rhoads's effectiveness as it related to the drug amount stipulation in the plea agreement. We lack a record of Rhoads's reasoning for his actions and do not have Rhoads's own account of his advice to Garba. Thus, to engage in an ineffective assistance of counsel analysis now would be entirely speculative. Garba's claim is more appropriately raised in a collateral action pursuant to 28 U.S.C. § 2255.

4.

---

[4] Nonetheless, we note that the Supreme Court "has long recognized that when an act violates more than one criminal statute, the Government may prosecute[] under either so long as it does not discriminate against any class of defendants." United States v. Batchelder, 442 U.S. 114, 123-24 (1979). Garba clearly violated the statutes under which he was indicted.

Garba's claim that his sentence was unreasonable is similarly without merit.

Under Gall v. United States, 128 S. Ct. 586 (2007), our review of a sentence is a two-step process. We

> must first ensure that the district court committed no significant procedural error in arriving at its decision, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ."

United States v. Wise, 515 F.3d 207, 217 (3d Cir. 2008) (quoting Gall, 128 S. Ct. at 597). Here, the District Court committed no procedural errors—Garba's challenges are substantive. Accordingly, we review for abuse of discretion. Id. at 218. If the sentence "falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." Id.

Garba claims he received a greater sentence than similarly situated co-defendants. "[T]he kind of 'disparity' with which § 3553(a)(6) is concerned is an unjustified difference across judges (or districts) rather than among defendants to a single case." United States v. Boscarino, 437 F.3d 634, 638 (7th Cir. 2006); United States v. Parker, 462 F.3d 273, 277 (3d Cir. 2006) ("We have concluded that Congress's primary goal in enacting § 3553(a)(6) was to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case."). Thus, "a defendant cannot rely upon § 3553(a)(6) to seek a reduced sentence designed to lessen disparity between

8

co-defendants' sentences." <u>Parker</u>, 462 F.3d at 277.[5]

Garba next argues that the District Court erred in failing to depart downwardly based upon Garba's acceptance of responsibility, over-representation of his criminal history, and risk of deportation. All three grounds are frivolous because we are without jurisdiction to review a District Court's lawful discretionary decision not to depart downward. <u>See</u> <u>United States v. Cooper</u>, 437 F.3d 324, 332-33 (3d Cir. 2006); <u>United States v. Denardi</u>, 892 F.2d 269, 271-72 (3d Cir. 1989).

IV.

Although Simonetti's brief is inadequate, Garba's grounds for appeal are frivolous. Thus, we will grant Simonetti's motion and affirm Garba's conviction and sentence.

---

[5] Even so, the District Court explained that co-defendant Albert Kittoe was not "similarly situated" because he received a departure for cooperation, while co-defendants Joe Mensah and Felix Yaw Oppong received slightly shorter sentences because of lower criminal history categories.