**UNITED STATES of America,**

v.

**Ralph PULTRONE, Appellant.**

**No. 98–1535.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a)
Sept. 12, 2000.

Filed: Jan. 26, 2001.

Michael G. Paul, Metuchen, NJ, Attorney for Appellant.

Richard P. Barrett, Office of the United States Attorney, Philadelphia, PA, Attorney for Appellee.

Before NYGAARD, ROTH and BARRY, Circuit Judges.

**OPINION OF THE COURT**

ROTH, Circuit Judge:

Ralph Pultrone appeals from a Judgment in a Criminal Case entered pursuant to our March 9, 1998 order remanding for resentencing following the government's appeal from the initial Judgment. Pultrone contends that there was insufficient evidence to sustain his conviction for attempting to possess cocaine with intent to distribute; that the District Court erred in applying a preponderance of the evidence standard to determine the amount of co-

caine for which he was responsible; and that he received ineffective assistance of counsel when his attorney failed to challenge the District Court's application of the preponderance of the evidence standard. Because we are convinced that Pultrone waived each of these allegations of error when he failed to pursue a direct appeal from the initial Judgment, we will dismiss this appeal for lack of jurisdiction.

## I.

On June 19, 1996 a federal grand jury returned a superseding indictment, charging Pultrone with one count of conspiracy to possess cocaine with intent to distribute and one count of attempted possession of cocaine with intent to distribute, both in violation of 21 U.S.C. § 846.

In September 1996 a jury convicted Pultrone of attempted possession; he was found not guilty on the conspiracy count. At the sentencing hearing on April 2, 1997, the District Court rejected Pultrone's contention that he was responsible for only four ounces of cocaine and found that Pultrone had attempted to possess one kilogram of the drug. Accordingly, the Court assigned Pultrone a base offense level of 26 in criminal history category II and sentenced him to a 76–month term of imprisonment, a sentence which fell below the midpoint of the applicable Guidelines range.

On April 4, 1997, the government filed a motion to correct sentence under Fed. R.Crim.P. 35(c), requesting that the District Court resentence Pultrone to the statutory minimum prison term mandated by 21 U.S.C. § 841(b)(1)(B).[1] A hearing on the motion was set for May 6, 1997. On April 10, 1997, Pultrone filed a notice of appeal.

On May 2, 1997, the government requested that the hearing on its Rule 35(c) motion be canceled because the seven-day period for decision specified in the rule had expired. On the same day, the government filed a notice of cross-appeal contending only that the District Court committed clear error in failing to sentence Pultrone to the ten-year statutory minimum term of imprisonment. Pultrone voluntarily withdrew his appeal.

We considered the government's appeal and agreed that the District Court should have sentenced Pultrone in accordance with the provisions of section 841(b)(1)(B). In the Judgment filed in March 1998, we directed "that the judgment of the ... District Court entered April 3, 1997, be ... vacated and the cause ... remanded for further proceedings consistent with this opinion." *United States v. Pultrone*, 149 F.3d 1166, No. 97–1327 (3d Cir. March 9, 1998).

On June 9, 1998, the District Court resentenced Pultrone to a 120–month term of imprisonment in accordance with our order. This timely appeal followed.

## II.

In its brief, the government argues that because Pultrone failed to pursue the allegations of error raised here "when he first filed a direct appeal in 1997, [we are] without jurisdiction to review [those] argument[s] now." We agree. Each of these allegations of error could and should have been raised in that direct appeal; because Pultrone voluntarily withdrew the appeal, he failed to preserve these issues. "By withdrawing his [initial] notice of appeal,

---

1. This section provides, in relevant part as follows:

 (B) In the case of a violation of subsection (a) of this section involving—
 (ii) 500 grams or more of a mixture or substance containing a detectable amount of—
 (II) cocaine ...

 such person shall be sentenced to a term of imprisonment which may not be less than 5 years.... If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years....

[Pultrone] has waived his right to appeal issues conclusively established by that judgment, in this case his conviction on count [two] of the indictment[,]" and the District Court's calculation of the amount of cocaine attributable to him. *United States v. Mendes*, 912 F.2d 434, 438 (10th Cir.1990).

At resentencing, the action taken by the District Court reflected only our direction that the statutory minimum sentence be imposed; because Pultrone abandoned his appeal, no other aspect of his conviction or sentence was at issue. In this circumstance, "[t]he grant of remand on appeal does not reopen the order appealed from; instead, remand commences a new proceeding which will ultimately terminate in another final order." *Id.* at 437–38 (citing 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3901, at 1 (Supp. 1990)). We will not revisit here allegations of error which were conclusively determined by the original Judgment.

 Our conclusion with respect to Pultrone's allegation that he received ineffective assistance of counsel is similar. As a general matter, we do not entertain claims relating to ineffective assistance of counsel on direct appeal. *United States v. Cocivera*, 104 F.3d 566 (3d Cir.1996). To the extent that this issue might have been appropriate for evaluation on direct appeal under the narrow exception described in *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir.1991), this issue, too, was waived when Pultrone abandoned his original appeal. Any claim which Pultrone may have based on ineffective assistance of counsel must be raised under the provisions of 28 U.S.C. § 2255.

### III.

Because Pultrone has waived each of the allegations of error raised here, we will dismiss this appeal for lack of jurisdiction.