

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2002

# USA v. Beckett

Precedential or Non-Precedential:

Docket 1-2131

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Beckett" (2002). *2002 Decisions.* Paper 102.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/102

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


NO. 01-2131


UNITED STATES OF AMERICA

v.

JAMES CARROLL BECKETT,

Appellant


On Appeal From The United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. No. 91-cr-00121)
District Judge:  Honorable Thomas N. O'Neill, Jr.


Submitted Pursuant to Third Circuit LAR 34.1(a)
January 25, 2002

BEFORE:  NYGAARD, and STAPLETON, Circuit Judges,
and SLEET, District Judge*

(Opinion filed  February 5, 2002)


_____


*  Honorable Gregory M. Sleet, United States District Judge for the
District of Delaware,
    sitting by designation.

MEMORANDUM OPINION OF THE COURT

STAPLETON, Circuit Judge:

Appellant James Carroll Beckett was convicted of two bank robberies. With respect to each of these robberies he was found guilty of one count of bank robbery and one count of armed bank robbery. The Court determined that he was a career offender but chose to depart downward from the Guideline range. It sentenced Beckett to 180 months on each of the four counts with these sentences to run concurrently. The Court also ordered restitution without determining his ability to pay.

On appeal, the government conceded that the District Court had erred in not making specific findings of fact concerning Beckett's ability to pay restitution, and asked the Court to remand for factual findings on this question alone. The government further conceded that the District Court's concurrent sentences of 180 months on Counts One and Three (the bank robbery counts) violated the double jeopardy clause. The charges underlying those counts were lesser included offenses to those set forth in Counts Two and Four (the armed bank robbery counts). The government noted, however, that the Court could remedy the error without remand by vacating the sentence as to the lesser included offenses.

This Court entered the following judgment:

the judgment of the []district court entered February 11, 1999

. . . is hereby reversed and remanded for factual findings on the question of Beckett's ability to pay restitution. The judgment is vacated insofar as the sentence imposed as to the lesser included offense of bank robbery, in violation of 18 U.S.C. Section 2113(a), charged in Counts One and Three of the Indictment of March 26, 1991. The judgment is affirmed as to all other issues. All of the above in accordance with the opinion of this Court.

(App. xii-xiii).

The portion of the Court's Opinion which addressed Beckett's successful

double jeopardy claim made clear that the remand was limited to factual findings on his ability to pay and would not affect the sentence of imprisonment imposed:

> Beckett, the government, and we also agree that the District Court erred by sentencing him concurrently on both the charge of armed bank robbery under 18 U.S.C. 2113(d), and on the lesser included offense of robbery under 18 U.S.C. 2113(a). . . . We will vacate the sentence imposed on Counts One and Three, the lesser included offenses of bank robbery. Beckett's sentences for the remaining counts stand.

(emphasis added) (App. xxvi-xxvii).

Beckett filed a pro se Motion for Order for Home Detention shortly before the proceeding. The motion asked the Court to convert the balance of his 180 month imprisonment sentence to home detention. The District Court acknowledged the motion at the hearing on Beckett's ability to pay restitution but stated that it lacked jurisdiction to address it:

> The Court of Appeals vacated the sentence on the robbery counts, affirmed the sentence on the armed robbery counts and remanded merely for me to make factual findings with respect to the ability or lack of ability to pay restitution in the amount of eleven thousand and some dollars.

(App. 22).

Beckett argues that the District Court erred in determining that it lacked jurisdiction to consider his request that his sentence of incarceration be altered. However, we agree with the District Court that it lacked such jurisdiction. United States v. Pultrone, 241 F.3d 306 (3d Cir. 2001).

The judgment of the District Court will be affirmed.

TO THE CLERK:

Please file the foregoing Memorandum Opinion.


/s/ Walter K. Stapleton
Circuit Judge