**UNITED STATES of America,**

v.

**Michael MCCARRIN, Appellant.**

**Nos. 02–3101, 02–3775.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 10, 2002.

Decided Dec. 16, 2002.

Timothy R. Rice, Office of the United States Attorney, Philadelphia, PA, for Appellee.

Michael W. McCarrin, Media, PA, pro se Petitioner.

Before BECKER, Chief Judge, ROTH and SMITH, Circuit Judges.

OPINION

SMITH, Circuit Judge.

Appellant Michael McCarrin appeals from the judgment of the United States District Court for the Eastern District of Pennsylvania entered on July 26, 2002 pursuant to our order remanding for resentencing following McCarrin's appeal from the initial judgment. McCarrin contends that 18 U.S.C. § 1346 fails to state an offense and is unconstitutionally vague, and that the District Court abused its discretion in ordering $50,000 in restitution. We hold that McCarrin waived his constitutional challenges to 28 U.S.C. § 1346 by failing to raise these issues in his opening brief on his earlier direct appeal. We will also affirm the District Court with respect to the restitution order.

I.

McCarrin was convicted of nine counts of mail fraud and two counts of money laundering in violation of 18 U.S.C. §§ 1341, 1346, and 1957. He was sentenced to twenty-four months imprisonment, and ordered to pay $414,028 in restitution and to forfeit $31,289. McCarrin filed an earlier direct appeal challenging his conviction on a variety of grounds, including the legal validity of the government's honest services mail fraud theory, the court's legal instructions, and his ability to pay restitution. A prior panel of this court affirmed McCarrin's conviction and sentence, but remanded for the limited purpose of allowing the District Court to make additional findings regarding McCarrin's ability to pay restitution.

McCarrin petitioned for rehearing en banc, contesting the legal validity of his honest services mail fraud and his money laundering conviction. His petition for rehearing en banc was denied. He also filed

a certiorari petition in the Supreme Court which remains pending.

At the resentencing on the restitution issue, the District Court, following a hearing, reduced McCarrin's restitution obligation to $50,000. On that same day, McCarrin filed a motion to dismiss the indictment for failure to state an offense and on the ground that 28 U.S.C. § 1346 is unconstitutionally vague.[1] The District Court denied McCarrin's motion as "legally frivolous."

## II.

Since the facts underlying McCarrin's conviction for mail fraud and money laundering are not relevant to the disposition of this appeal, we recite only the facts relating to the restitution issue. On remand, the District Court reduced McCarrin's restitution obligation from $414,028 to $50,000. In support of its determination that McCarrin would be able to pay $50,000, the District Court noted that McCarrin is a well-educated attorney, he was able to send his children to private elementary schools, high schools, and universities, and he resides in a $290,000 home.

The Government noted in its brief that in lieu of putting his resources toward repaying the victim, McCarrin planned to spend over $200,000 in the next six years to finance his childrens' education. He also had spent $200,000 to finance his living expenses during his trial and appeal.

McCarrin argued that he had a negative net worth and faced serious obstacles to repaying his restitution and forfeiture obligations. In setting the restitution amount, the Court considered "all the circumstances," including McCarrin's "present financial condition, as well as his future earning capacity, assuming even that he does not practice law."

The District Court balanced the rights of the victim with McCarrin's financial situation, noting that McCarrin had failed to make "any plan to pay restitution" in the two years since his sentence was imposed. Based on McCarrin's testimony, the Court found that McCarrin's "hopes and aspirations for his family would result in a complete liquidation" of his assets. Adopting McCarrin's position would, in the District Court's view, have rendered McCarrin "economically insulated from the payment of any restitution."

## III.

We have jurisdiction to review the restitution order and the denial of McCarrin's motion to dismiss his indictment under 28 U.S.C. § 1291. We review the appropriateness of a district court's order of restitution for abuse of discretion. *United States v. Hunter*, 52 F.3d 489, 492 (3d Cir.1995). Constitutional questions and challenges to the sufficiency of an indictment are issues of law subject to plenary review. *United States v. Singletary*, 268 F.3d 196, 198 (3d Cir.2001), *cert. denied*, 535 U.S. 976, 122 S.Ct. 1450, 152 L.Ed.2d 391 (2002).

## IV.

■ We hold that the District Court properly exercised its discretion in reducing McCarrin's restitution obligation from $414,028 to $50,000, and we will affirm. Since McCarrin's offenses occurred prior to 1996, the amount he owes in restitution

---

1. This provision, which is entitled "Definition of 'scheme or artifice to defraud,'" provides that "for the purposes of this chapter, the term 'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services." 18 U.S.C. § 1346.

is governed by an earlier version of 18 U.S.C. § 3664, which has now been amended. The former version of the statute prescribed that, in exercising its discretion to determine the appropriate amount of restitution, the court should consider the following factors, in addition to the victim's losses as a result of the offense: "the financial needs and earning ability of the defendant and the defendant's dependants, and ... such other factors as the court deems appropriate." 18 U.S.C. § 3664(d)(3).

A prior panel of this court remanded with respect to the order for McCarrin to pay $414,028 in restitution, finding that the District Court had not made sufficient findings with respect to McCarrin's "ability to pay" in calculating the amount he owed. The prior panel noted that "our review of the record suggests that the order for restitution, though merely compensating Lloyd's of London for its loss as the victim's insurer, may have been excessive."

We find that the District Court properly exercised its discretion in revising the restitution amount. The District Court noted on the record that it would assess restitution by examining "the amount of restitution, the amount of the loss to the victim, the defendant's ability to pay the full amount or part of it, considering present assets, present capability, as well as future ability to pay reasonably into the future." We are satisfied that the District Court balanced these factors and did not abuse its discretion in reaching the result of

$50,000. In analyzing McCarrin's future ability to pay, the Court recognized that, although trained as a lawyer, McCarrin might be unable or choose not to practice law, thereby possibly reducing his earning potential. The Court also acknowledged that McCarrin wished to send his children to private schools and had financed college tuition for his two oldest children, which imposed a significant additional financial burden on him. Consequently the District Court significantly lowered the amount McCarrin would pay as restitution.[2] Nevertheless, the Court properly considered the fact that Mr. McCarrin was trained as an attorney, enjoyed good health, resided in a $290,000 home, and planned to resume employment upon serving his prison term. In addition, in the two years since his conviction, Mr. McCarrin had made no efforts to pay any of the restitution. The District Court properly exercised its discretion in analyzing the appropriate factors, and we will affirm.

## V.

■ We conclude that the District Court properly denied McCarrin's motion to dismiss the mail fraud charges against him. On the day of his resentencing on restitution, the appellant filed a motion to dismiss the mail fraud charges for failure to allege an offense and as unconstitutionally vague. Specifically, McCarrin argued that: (1) section 1346 of the mail fraud statute was not applicable to his conduct; and (2) section 1346 is unconstitutionally vague. The District Court rejected that

---

2. The District Court stated that although it was only imposing $50,000 in restitution, it would have been justified in imposing over $200,000, since in the court's view, the defendant owed a greater obligation to pay back the victim of his crime, and could easily have sent his children to public schools. "The rationale for 200 plus would simply be this, that when money is taken from somebody or some institution, it is money that should be returned. The defendant has an obligation to return that money, and the defendant should put as a priority the repayment of that restitution, even if it handicaps family members who are not handicapped by virtue of the restitution order, but are handicapped by virtue of the defendant's criminal act."

motion as "legally frivolous," and we will affirm, but for different reasons. We hold that McCarrin waived his right to pursue these constitutional challenges by failing to timely raise them on direct appeal.

McCarrin first argued that § 1346 failed to state an offense in his petition for rehearing en banc on his earlier direct appeal. He did not raise it before the initial panel. McCarrin first raised his vagueness challenge to § 1346 in his petition for certiorari to the Supreme Court, which is currently pending.

Although this court has held that Rule 12(b)(2) challenges that an indictment fails to state an offense may be raised for the first time on appeal, *United States v. Panarella*, 277 F.3d 678, 685 (3d Cir.), *cert. denied*, —— U.S. ——, 123 S.Ct. 95, 154 L.Ed.2d 25 (2002), *Panarella* is distinguishable. In *Panarella*, the defendant raised his 12(b)(2) challenge in his opening brief upon direct appeal to the Third Circuit panel. Here, McCarrin did not raise this issue before the panel, but rather for the first time in his petition for rehearing en banc.[3] Our jurisprudence is clear that "an issue is waived unless a party raises it in its opening brief." *Tse v. Ventana Medical Systems, Inc.*, 297 F.3d 210, 225 n. 6 (3d Cir.2002)(*quoting Reform Party of Allegheny County v. Allegheny County Dep't of Elections*, 174 F.3d 305 n. 11 (3d Cir. 1999)). This court has recently made clear that raising an issue for the first time in a petition for rehearing en banc fails to preserve the issue for subsequent review. *United States v. Cross*, 308 F.3d 308, 314 (3d Cir.2002).

McCarrin has similarly failed to preserve his unconstitutional vagueness challenge by failing to raise it in his opening brief to the prior panel of this court on direct appeal, and may not now assert it in a subsequent appeal. Claims of error that "could and should have been raised" on direct appeal are not preserved for review in a subsequent appeal." *United States v. Pultrone*, 241 F.3d 306–07 (3d Cir.2001).

Since McCarrin failed to preserve his challenges to the mail fraud statute on direct appeal, we find that he has waived these claims and may not pursue them again via the prior panel's narrow remand on a restitution issue. The District Court's denial of McCarrin's motion to dismiss the indictment will be affirmed.

## VI.

For the foregoing reasons, the judgment of the District Court will be affirmed.

---

**3.** McCarrin's contentions before the panel were, as stated in Judge Greenberg's panel opinion, "that it was possible that he was convicted of mail fraud predicated on impermissible cobbling together of different theo-

ries. Moreover, he contends he might have been convicted on an invalid legal theory, the jury instructions were improper, and the court did not make sufficient findings concerning his ability to make restitution."