

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-23-2003

# USA v. Durrder

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3676

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Durrder" (2003). *2003 Decisions.* Paper 190.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/190

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

NO. 02-3676

---

UNITED STATES OF AMERICA

v.

CARLOS DURRDER,
a/k/a Pedro Jiminez,
Appellant

---

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. Action No. 99-cr-00364-8)
District Judge:  Honorable William H. Yohn, Jr.

---

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 17, 2003

BEFORE:  SLOVITER, ROTH and STAPLETON, Circuit Judges

(Opinion Filed: October 23, 2003)

---

OPINION OF THE COURT

---

STAPLETON, Circuit Judge:

Appellant Pedro Jiminez, a/k/a Carlos Durrder, was convicted by a jury of conspiring to distribute heroin and several other drug offenses. He was sentenced to 169 months of imprisonment. On appeal, we remanded to the District Court for a resentencing hearing at which factual findings would be made regarding the amount of drugs that were to be attributed to the defendant. On remand, the District Court made the required findings and resentenced Jiminez to 169 months.

On this second appeal, Jiminez insists that prejudicial hearsay was admitted at his trial. He made no such claim in his first appeal, and it is accordingly waived. Claims of error that could and should have been raised on appeal are not preserved for review in a subsequent appeal. *United States v. Pultrone*, 241 F.3d 306, 307-08 (3d Cir. 2001).

Jiminez's only other challenge to the judgment on review is a claim that the District Court erred in concluding that he was responsible for distributing approximately 4000 grams of heroin. Our review of the record convinces us that there was ample reliable evidence in the trial record to support this conclusion.

United States Sentencing Guidelines § 2D1,1 directs district courts to estimate quantities of unseized drugs. That section provides that "where there is no drug seizure or the amount seized does not reflect the scale of the offense, the Court shall approximate the quantity of the controlled substance. In making this determination, the

2

court may consider, for example, similar transactions in controlled substances by the defendant." U.S.S.G. § 2D1,1 app. note 12 (1998).

Duran-Mariano and Peralta-Victorio were active participants in the drug conspiracy who testified at length about how often Jiminez had supplied them with heroin for resale and in what quantities. The District Court analyzed their testimony and reasonably and conservatively extrapolated to estimate Jiminez's distributions throughout the life of the conspiracy.

The Sentencing Guidelines do not demand certainty and precision. They demand that the Court do the best it can with the evidence in the record, erring on the side of caution. *See United States v. Cook*, 76 F.3d 596, 604 (4th Cir. 1996). The District Court followed the letter and spirit of the law, and we can find no fault with its resulting estimate.

The judgment of the District Court will be affirmed.

TO THE CLERK:

Please file the foregoing Not Precedential Opinion.


/S/ Walter K. Stapleton
_____
Circuit Judge