

Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-22-2006

# USA v. Gordon

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3933

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Gordon" (2006). *2006 Decisions.* Paper 850.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/850

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3933

UNITED STATES OF AMERICA

v.

RODNEY GORDON,

Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 02-cr-00227)
District Judge: Honorable James M. Munley

Submitted Under Third Circuit LAR 34.1(a)
June 9, 2006

Before: AMBRO, FUENTES and NYGAARD, Circuit Judges

(Opinion filed: June 22, 2006)

OPINION

AMBRO, Circuit Judge

Rodney Gordon was convicted by a jury of one count of possession with intent to

distribute cocaine in violation of 21 U.S.C. § 841(a)(1).  The United States District Court

for the Middle District of Pennsylvania sentenced him to 210 months imprisonment. He appeals, arguing that his sentence is unreasonable under *United States v. Booker*, 543 U.S. 220 (2005). For the reasons provided below, we affirm.

## I.

As we write for the parties, only a brief summary of pertinent facts and procedural history is necessary. Gordon's drug conviction prompted the preparation of a presentence report ("PSR"). According to the PSR, Gordon's offense, which involved at least 25 but less than 50 grams of cocaine, normally carried a Sentencing Guidelines range of 37 to 46 months imprisonment. His extensive criminal history, however, triggered the application of the career offender enhancement under U.S.S.G. § 4B1.1. As a result, the sentencing range became 262 to 327 months. Gordon did not object to the PSR and, at sentencing, the District Court imposed a 262-month term—the bottom of the then-mandatory Guidelines range.

Gordon timely appealed, challenging only the District Court's pre-trial ruling denying his motion to suppress evidence. In a not precedential opinion filed August 10, 2004, we affirmed the judgment of conviction and sentence. *United States v. Gordon*, 104 Fed. Appx. 275, 278 (3d Cir. 2004). Gordon petitioned for *certiorari* to the United States Supreme Court. It granted *certiorari*, vacated the judgment, and remanded the case to us for reconsideration in light of *United States v. Booker. Gordon v. United States*, 544 U.S. 901 (2005). We reinstated our judgment affirming Gordon's conviction but

2

remanded the case to the District Court for resentencing. On August 10, 2005, the District Court, departing 52 months from the low end of Gordon's advisory Guidelines range, resentenced him to 210 months imprisonment. This appeal nonetheless followed.

## II.

Despite the District Court's 52-month downward departure from his advisory Guidelines range, Gordon insists that his sentence is excessive and unreasonable because his offense only involved a small quantity (27.2 grams) of powder cocaine. This ignores the fact that Gordon's lengthy sentence is largely attributable to his extensive criminal history and not the drug quantity involved in his offense conduct. The record reflects that, from April 1990 until the present, Gordon was convicted at least eight times. Indeed, he has accrued four separate convictions for distribution and/or possession with intent to distribute cocaine. Three of those convictions were consolidated for sentencing and Gordon received concurrent jail sentences of 11½ to 23 months imprisonment. Unfortunately, Gordon violated his parole and was sentenced to serve back time. On his release, he was found in Philadelphia in possession of a stolen car and was sentenced to time served and probation. That probation was revoked, however, due to a conditions violation.

Gordon moved from Philadelphia to Williamsport, where he continued to be involved in criminal conduct. In 1996, he was convicted of possession with intent to deliver 40 packs of cocaine and sentenced to 30 to 60 months imprisonment. The next

3

year, he was convicted of theft and sentenced to one year probation. Gordon returned to Philadelphia and in 1999 was convicted of robbery and criminal conspiracy; the sentence was one to three years imprisonment. Staying true to form, he committed his current drug trafficking crime while on probation.

Gordon has five predicate convictions—including three drug felonies and a robbery conviction—which qualify him as a career offender under the Sentencing Guidelines. Thus, the current drug felony offense represents a long pattern of drug trafficking. Gordon has failed repeated to comply with the law as well as with conditions of probation and parole. Moreover, his past conduct indicates a high probability that he will commit future crimes.

Gordon submits "[t]hat the overriding principle and basic mandate of [18 U.S.C.] § 3553(a) require[] the [D]istrict [C]ourt to impose a sentence 'sufficient, but not greater than necessary," to comply with the four purposes of sentence set forth in § 3553(a)(2)."[1] We agree. However, given Gordon's criminal history and the District Court's downward adjustment from the advisory Guidelines range, we conclude that the imposition of a 210-month sentence was sufficient, but not greater than necessary, to meet the considerations of § 3553(a).

**III.**

---

[1]The four purposes of sentences are retribution, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a)(2).

4

Gordon also asks us to rule that the District Court allowed improper opinion testimony at trial in violation of Federal Rule of Evidence 704(b). Gordon, however, neither raised this issue in the District Court nor in his initial appeal. It is well settled that unasserted claims of error that could have been raised (and that a defendant had an incentive to raise) in a first appeal may not be raised in a subsequent appeal following remand. *See, e.g.*, *United States v. Pultrone*, 241 F.3d 306, 307-08 (3d Cir. 2001). Thus, we lack jurisdiction to consider Gordon's claim that the District Court allowed improper opinion evidence. *Id*. at 308.

**\* \* \* \* \***

For these reasons, we affirm Gordon's sentence.