**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4309
_____

UNITED STATES OF AMERICA

v.

VERNON DOUGLAS,
                              Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2:05-cr-00038-001)
District Judge:  Honorable R. Barclay Surrick

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 24, 2012
_____

Before:  AMBRO, CHAGARES, and HARDIMAN, Circuit Judges.

(Filed: April 26, 2012)
_____

OPINION
_____

CHAGARES, Circuit Judge.

        Vernon Douglas appeals his conviction as well as the District Court's denial of his

post-conviction motion for judgment of acquittal under Federal Rule of Criminal

Procedure 29(a) or for a new trial under Federal Rule of Criminal Procedure 33(a), based

1

on the sufficiency of evidence presented at trial.  For the following reasons, we will dismiss this appeal for lack of jurisdiction.

I.

We write for the parties' benefit and recite only the facts essential to our disposition.  On June 22, 2004, Police Officer Nathan London and a confidential informant went to Douglas's home and conducted an undercover drug purchase.  The confidential informant knocked on Douglas's door, and when Douglas answered, the confidential informant asked for "four," and gave Douglas a prerecorded $20 bill. Douglas went into the house and returned with small objects.  After the purchase, the confidential informant gave Officer London the four pink-tinted packets, which later testing revealed to be crack cocaine.

The next day, officers executed a search warrant on Douglas's home.  At the time of the search, Douglas was the only person in the house.  Officers arrested Douglas and searched him, finding $306 cash, including the prerecorded $20 bill used as buy money the previous day.  The officers searched the house.  They found a triple beam scale, commonly used to weigh drugs, in the dining room.  Inside a piano bench, they found a bag with a large amount of cocaine.  In the living room, the officers found two pink-tinted packets containing crack cocaine in a magnetic Hide-A-Key attached to a tool box near the front door of the house.  Officers found three guns, one inside the toolbox, another inside a vase in the living room, and a third in the bedroom.  Officers also found Douglas's social security card and driver's license in the house.  Douglas's daughter testified at trial that her father was the only person who lived in the house but that eight

2

cousins and family friends had keys and access to the house. However, on cross-examination, she admitted she had not been to her father's house for six months prior to his arrest. Further, she was unable to provide last names of the family friends that she claimed had access to the house and did not have contact information for the family members who allegedly had access.

Douglas was convicted by the jury of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), possession of cocaine base in violation of 21 U.S.C. § 844(a), possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). After the jury trial, the District Court found Douglas guilty of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 924(g)(1) in a stipulated nonjury trial.

The District Court sentenced Douglas to life imprisonment for the possession of a firearm in furtherance of a drug trafficking crime and to concurrent sentences for the other four counts, ranging from 12 to 240 months. Douglas appealed, raising only issues related to his sentence, and this Court remanded for the District Court to clarify the basis of the life sentence, because it had not specified whether the non-guideline sentence was based on a variance or a departure. United States v. Douglas, 244 F. App'x 411, 413 (3d Cir. 2007). On remand the District Court resentenced Douglas to a term of imprisonment of 220 months, three years supervised release, and a special assessment of $500. Douglas now appeals, challenging the sufficiency of the evidence supporting his conviction.

II.

The Government contends Douglas waived his appeal of his conviction when he did not raise it in his earlier appeal of his sentence. The question of whether an appellant has waived an issue presented on appeal is a question of law, over which this Court exercises plenary review. United States v. Miller, 594 F.3d 172, 178 n.3 (3d Cir. 2010).[1]

In United States v. Pultrone, 241 F.3d 306 (3d Cir. 2001), defendant Pultrone voluntarily withdrew his initial notice of appeal. The Government filed a cross-appeal, contending that the District Court had erred when it failed to sentence Pultrone to the statutory mandatory minimum. Id. at 307. This Court agreed with the Government and vacated the District Court's judgment and remanded for resentencing. Id. After resentencing, Pultrone appealed, challenging the sufficiency of the evidence against him and the District Court's application of the preponderance of the evidence standard to its determination of the amount of cocaine for which he was responsible. Id. at 306-07. He also raised an ineffective assistance of counsel claim. Id. This Court held that "[e]ach of these allegations of error could and should have been raised in that direct appeal; because Pultrone voluntarily withdrew the appeal, he failed to preserve these issues." Id. at 307. This Court dismissed Pultrone's appeal for lack of jurisdiction. Id.

Pultrone is controlling in this matter. Because Douglas failed to raise the sufficiency of the jury verdict in his initial appeal, he has waived his right to appeal that issue. On this basis, we will dismiss this appeal for lack of jurisdiction.

III.

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.

4

Douglas filed a pro se motion for appointment of new counsel on June 20, 2011 because his appointed counsel did not provide Douglas with a copy of the brief she filed on his behalf. The motion was denied, but Douglas appealed the decision, which was construed as a motion to reconsider and is currently before this merits panel.

Douglas contends that his appointed counsel refused to raise his ineffective assistance of counsel claim. This Court does not generally entertain ineffective assistance of counsel claims on direct appeal, except in the narrow circumstances where the record is sufficient to permit determination of the issue. United States v. Thornton, 327 F.3d 268, 271 (3d Cir. 2003). The record in Douglas's case has not been developed, so we would not consider his ineffective assistance of counsel claims on direct review. Further, Douglas does not have a right to counsel of his choosing. Wheat v. United States, 486 U.S. 153, 159 (1988). Douglas's motion for reconsideration of his motion for new counsel will be denied.

## IV.

For the foregoing reasons, we will dismiss the appeal for lack of jurisdiction and will deny Douglas's motion to reconsider denial of his motion for appointment of new counsel.