NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4313
_____

UNITED STATES OF AMERICA

v.

CONSTANCE TAYLOR,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-06-cr-00658-003)
District Judge:  Honorable Anita B. Brody
_____

Submitted Under Third Circuit LAR 34.1(a)
January 16, 2014

Before:  AMBRO, HARDIMAN and GREENAWAY, JR., *Circuit Judges*.

(Filed: January 16, 2014)
_____

OPINION
_____

HARDIMAN, *Circuit Judge*.

Constance Taylor appeals an order of the District Court imposing restitution after

we vacated and remanded the original restitution order for clarification.  Counsel for

Taylor has moved for permission to withdraw pursuant to *Anders v. California*, 386 U.S.

738 (1967).  We will grant counsel's motion and affirm the District Court's order.

I

Because we write for the parties, who are well acquainted with the case, we recite only the facts and procedural history essential to our decision.

Taylor was convicted on one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and two counts of interference with the administration of internal revenue laws, in violation of 26 U.S.C. § 7212(a).  The District Court sentenced Taylor to 60 months' imprisonment on the conspiracy charge, 30 months' imprisonment for each count of interference, and three years of supervised release for all three counts.  The two interference sentences were to be served concurrently to each other but consecutive to the conspiracy conviction for a total term of 90 months' imprisonment.  The District Court also entered an order for a special assessment of $300 and restitution of $3.3 million.

In Taylor's prior appeal, we held the restitution order deficient because the District Court failed to consider Taylor's financial situation and never set the manner and schedule of restitution payments.  *See United States v. Crim*, 451 F. App'x 196, 210 (3d Cir. 2011).  This violated the Mandatory Victims Restitution Act, which requires the District Court to specify the manner in which the defendant will pay restitution in light of a defendant's economic circumstances.  *See* 18 U.S.C. § 3664(f)(2).  Thus, we vacated and remanded the restitution order for clarification by the District Court.  *Crim*, 451 F.

2

App'x at 210.

On remand, the District Court considered the fact that Taylor will make only $100 per year during her period of incarceration and ordered her to pay restitution at $100 per year until further order.  Taylor filed this timely appeal, and her counsel moved to withdraw pursuant to *Anders*.[1]

II

In a case arising under *Anders*, we determine whether: (1) counsel has adequately fulfilled the *Anders* requirements; and (2) an independent review of the record presents any non-frivolous issues.  *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

To meet the first prong, appointed counsel must examine the record, conclude that there are no non-frivolous issues for review, and request permission to withdraw. Counsel must accompany a motion to withdraw with "a brief referring to anything in the record that might arguably support the appeal."  *Anders*, 386 U.S. at 744.  Taylor's counsel identified one potential ground for appeal—Taylor's allegation of prosecutorial misconduct stemming from a violation of *Brady v. Maryland*, 373 U.S. 83 (1963)—and discussed why it lacks merit.  Our remand order sought clarification from the District Court only on the manner of restitution payments, and the District Court complied with our order.  *See Crim*, 451 F. App'x at 210.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291.

We find that counsel's discussion of the reasons why no appealable issue exists meets the requirements of *Anders*'s first prong. As we explain below, our independent review of the record confirms counsel's view that there are no meritorious issues for appeal.

III

Taylor argues the District Court failed to consider her economic circumstances in ordering the manner and schedule of restitution payments as required by the Mandatory Victims Restitution Act, 18 U.S.C. § 3664(f)(2). We exercise plenary review over the District Court's application of those legal standards to the restitution order. *United States v. Quillen*, 335 F.3d 219, 221–22 (3d Cir. 2003). Under the Act, the District Court must review the defendant's assets, projected earnings, and financial obligations in order to set a schedule for the payment of restitution. 18 U.S.C. § 3664(f)(2). The District Court considered Taylor's economic circumstances by noting that she would earn $100 during her period of incarceration and ordered her to make annual restitution payments in this amount. This satisfied our remand order and the requirements of the Mandatory Victims Restitution Act.

Taylor next claims the District Court failed to prove the total restitution amount on remand. We vacated and remanded "so that [the District Court] may specify the amount of restitution and the method, manner and schedule of payment . . . ." *Crim*, 451 F. App'x at 210. The District Court did precisely what we directed it to do by entering an amended

4

judgment that ordered Taylor to pay $3.3 million in restitution at $100 per year. By instructing the District Court to "specify the amount of restitution" on remand, we did not ask it to make this calculation anew. *Id.* We remanded only to allow the District Court to correct its "failure to take into account [Taylor's] financial resources and [its] failure to state on the record the manner and schedule of payments."

The balance of Taylor's brief argues the Government failed to provide sufficient evidence to merit a conviction, committed *Brady* violations at trial, conducted illegal searches prior to her indictment, unlawfully arrested and detained her, and illegally intercepted her communications. All of these issues go beyond the scope of our remand to the District Court. It would have been error for the District Court to consider these arguments on remand, and we may not consider them in reviewing the District Court's restitution order. *See Skretvedt v. E.I. DuPont de Nemours*, 372 F.3d 193, 203 (3d Cir. 2004). We rejected Taylor's sufficiency of the evidence arguments for the interference convictions in her last appeal, and she waived her sufficiency of the evidence argument on the conspiracy charge by not raising it then. *See Crim*, 451 F. App'x at 202–03. Her remaining arguments were either waived by her failure to raise them then, *see United States v. Pultrone*, 241 F.3d 306, 307–08 (3d Cir. 2001), or should be brought before the District Court in collateral proceedings, *see United States v. Sandini*, 888 F.2d 300, 311–12 (3d Cir. 1989).

## IV

For the reasons stated, we will affirm the District Court's restitution order, and in a separate order, grant counsel's motion to withdraw.