BLD-030                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3059
_____

ELWOOD SMALL; PEARLIE DUBOSE, JR.

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
DAVID PITKINS, Superintendent of the State of Correctional Institution
at Laurel Highlands, in his Official and Personal Capacities; TIM
PLEACHER, Deputy Superintendent for the Centralized Services at
SCI Laurel Highlands, in his Official and Personal Capacities; WILLIAM
MAILMAN, Classification and Program Manager for SCI Laurel Highlands
in his Official and Personal Capacities; LIEUTENANT CONTI; HARRY
MAUST; JOHN DOES 1 THROUGH 4

Elwood Small,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-12-cv-00083)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 14, 2014

Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: November 19, 2014)

————————

OPINION[*]

————————

PER CURIAM

Elwood Small, a Pennsylvania inmate proceeding pro se and in forma pauperis, appeals from the District Court's order granting summary judgment to the defendants on his equal protection claim. For the reasons set forth below, we will summarily affirm.

I.

This appeal marks our second review of Small's case. See Small v. Wetzel, 528 F. App'x 202 (3d Cir. 2013) (not precedential) ("Small I"). On our first review, we vacated the District Court's dismissal of Small's equal protection claim because we found that he adequately alleged that participating in fasting and feasting holy days was more onerous for Muslim inmates than Jewish inmates. Id. at 210. We affirmed dismissal of Small's remaining claims. Id.

On remand, the Magistrate Judge ordered Small to identify the Jewish holy days of fasting and feasting that are comparable to Ramadan. Small's attorney then withdrew, and Small requested more time to complete discovery, which the Magistrate Judge denied. Small then submitted documentation on the prison's treatment of two Jewish fast days and compared them with the prison's treatment of Ramadan.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

After reviewing Small's submissions, the Magistrate Judge recommended granting summary judgment to the defendants because Small failed to demonstrate that Muslim inmates seeking to celebrate Ramadan were similarly situated to Jewish inmates seeking to celebrate the two one-day fasts. The District Judge adopted the recommendation and granted summary judgment to the defendants. Small filed a motion for reconsideration, which the District Court denied. Small then timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's order granting summary judgment is plenary. See State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009). Summary judgment is appropriate if, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). We will summarily affirm the District Court's grant of summary judgment because this appeal does not present a substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

The District Court granted summary judgment to the defendants on Small's equal protection claim because Small failed to establish a necessary factual predicate: that he was similarly situated to those allegedly treated better. We agree. "The Equal Protection Clause of the Fourteenth Amendment . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). As such, we found no equal protection violation in

3

DeHart v. Horn, 390 F.3d 262, 272 (3d Cir. 2004), because the plaintiff, a Buddhist inmate, failed to prove that he was similarly situated to Muslim and Jewish inmates regarding his religious dietary restrictions. DeHart was not similarly situated because his proposed diet imposed a greater burden on the prison than Muslim and Jewish inmates' diets. Id. Thus, although the prison treated DeHart differently, it did not violate the Equal Protection Clause.

The same is true here. The two Jewish fasting days Small identified are not comparable to Ramadan. As the Magistrate Judge noted, Ramadan is much longer, involves more logistical challenges, and ends with a communal feast. Therefore, inmates seeking to participate in Ramadan are not similarly situated to inmates seeking to participate in the Jewish fasting days, and the prison did not violate the Equal Protection Clause by treating such inmates differently. Under DeHart, summary judgment for the defendants was appropriate.

### III.

Small raises several unavailing arguments in support of his appeal. First, he contends that the District Court erred by granting summary judgment without a motion. The rules clearly authorize this process. See Fed. R. Civ. P. 56(f).

Next, Small contends that summary judgment was premature because he needed more discovery. "Whether a district court prematurely grants summary judgment is reviewed for abuse of discretion." Radich v. Goode, 886 F.2d 1391, 1393 (3d Cir. 1989). A court may defer ruling on a summary judgment motion if the "nonmovant shows by

4

affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). In addition to filing an affidavit or declaration, the rule "requires that a party indicate to the district court its need for discovery, what material facts it hopes to uncover and why it has not previously discovered this information." Radich, 886 F.2d at 1393-94.

Small did not attempt to comply with Rule 56(d), but he did request more time for discovery, which the Magistrate Judge denied with good reason. The only issue Small needed to address was which Jewish holy days of fasting and feasting were comparable to Ramadan. At that point, Small's case had been pending for more than two years; the District Court did not abuse its discretion in declining to give him even more time to support this simple factual allegation.[1]

Small also contends that the District Court erred by considering an unsworn affidavit that the defendants submitted with their response to his objections to summary judgment. The District Judge adopted the Magistrate Judge's report and recommendation on summary judgment as the opinion of the court without any changes. Even assuming that the District Judge considered the defendants' allegedly improper evidence, it makes no difference because the report and recommendation was drafted before the defendants'

---

[1] Further, despite the time constraints, Small was able to obtain and submit documents on the prison's treatment of Jewish fasting holidays, which formed the basis of his opposition to summary judgment.

5

response to Small's objections. Therefore, the District Court's opinion did not rely on and could not have been affected by the allegedly improper evidence.

Lastly, Small raises concerns related to an alleged statewide change in policy that requires all inmates wishing to participate in fasting and feasting holidays to sign an agreement similar to the Ramadan agreement, regardless of their religion. In Small I, we affirmed dismissal of many of Small's claims for prospective relief because he was moved to a different prison, and thus his claims were moot. See 528 F. App'x at 208-09. Small contends that the change in policy revives his claims,[2] but remand "does not reopen the order appealed from; instead, remand commences a new proceeding which will ultimately terminate in another final order." United States v. Pultrone, 241 F.3d 306, 308 (3d Cir. 2001) (internal quotation marks omitted). Thus, on remand, the District Court properly denied Small's attempts to relitigate claims that were "conclusively determined by the original judgment." Id. Only Small's equal protection claim survived his first appeal, and the District Court did not err in limiting its focus to that claim.[3]

---

[2] Small also contends that the change in policy entitles him to a declaratory judgment that the old policy was unconstitutional. Small relies on Main Rd. v. Aytch, 565 F.2d 54, 59 (3d Cir. 1977), but that case is distinguishable because the policy changes were in response to court orders.

[3] Although Small's contentions about the change in policy are outside the scope of this action, he is of course free to raise his concerns in a new action after he has exhausted his administrative remedies.

## IV.

There being no substantial question presented on appeal, we will summarily affirm.