UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 15-2789

———

UNITED STATES OF AMERICA

v.

HAKIM KING
a/k/a HAK,
a/k/a HOCK,
                    Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-12-cr-00345-002)
District Judge: Honorable Michael M. Baylson

———

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 18, 2016

Before: CHAGARES, RESTREPO, and VAN ANTWERPEN, *Circuit Judges*

(Opinion Filed:  March 21, 2016)

———

OPINION*

———

VAN ANTWERPEN, *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Hakim King appeals his sentence imposed by the U.S. District Court for the Eastern District of Pennsylvania on July 21, 2015. For the following reasons, we will affirm the decision of the District Court.

## I.    Factual Background and Procedural History

King and co-defendant Rezekiel Harris[1] robbed two convenience stores in February 2012. (Presentence Investigative Report ¶¶ 8–9, 14–15). In both robberies, Harris used a gun to force store employees to give them money. (*Id.* ¶¶ 9, 14). He shot the gun at the floor during the first robbery, causing debris to strike an employee-victim and injuring the victim's eye. (*Id.* ¶¶ 8–9). During the first armed robbery, King positioned himself at the entry to the store to prevent people from entering or leaving and to act as a lookout. (*Id.* ¶ 9). King played a more active role during the second robbery by stealing money and cigarettes. (*Id.* ¶ 15). Law enforcement arrested King on February 22, 2012. (*Id.* ¶ 13).

A grand jury indicted King in a Second Superseding Indictment with two counts of robbery which interfered with interstate commerce in violation of 18 U.S.C. § 1951(a) and aiding and abetting in violation of 18 U.S.C. § 2; and with two counts of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) and aiding and abetting in violation of 18 U.S.C. § 2. (App. 255–56). After a two day trial, a jury found King guilty of all charges. (*Id.* at 33, 162, 285–89). The District Court initially sentenced King to 498 months' imprisonment on May 15, 2014.

---

[1] Harris pleaded guilty to the charges against him and was a cooperating witness with the Government against King. (Appellant's Br. 4). He was sentenced to twenty years' imprisonment based on his cooperation and admission of guilt. (App. 352–53).

(*Id.* at 313–16). King appealed his sentence and we determined that summary remand was appropriate because the parties agreed that the District Court erred by not ordering a full presentence investigative report. (*Id.* at 8). We therefore vacated the judgment of the District Court and remanded for resentencing. (*Id.*). At resentencing on July 21, 2015, the Court independently reached the same sentence as before, 498 months, aided by a complete presentence investigative report. (*Id.* at 320, 352–53). King timely appealed. (*Id.* at 1).

## II.    Discussion[2]

Appellant presents two arguments on appeal: (A) the jury instruction for aiding and abetting the use of a firearm during a robbery did not comport with *Rosemond v. United States*, 134 S. Ct. 1240 (2014); and (B) the District Court imposed a substantively unreasonable sentence. For the following reasons we reject both of these arguments.

### A.    Jury Instruction[3]

Appellant argues that the jury instruction for aiding and abetting the use of a firearm during a robbery did not comply with *Rosemond*. (Appellant's Br. 7–8). Specifically, King contends that the District Court failed to instruct that he must have had sufficient advance knowledge that his confederate had a firearm so that he had an opportunity to withdraw from the criminal enterprise. (*Id.* at 8–9); *see Rosemond*, 134 S.

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction to review the final decision of the District Court and King's sentence under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

[3] We review legal questions, including whether King waived his right to appeal the jury instruction used in this case, *de novo*. *United States v. Price*, 558 F.3d 270, 277 (3d Cir. 2009).

Ct. at 1249–50.[4] We reject this argument because King waived this issue when he failed to raise it in his first direct appeal in this case.

In *United States v. Pultrone*, we dismissed the defendant's appeal for lack of jurisdiction because we determined that he "failed to pursue the allegations of error raised here when he first filed a direct appeal." 241 F.3d 306, 307 (3d Cir. 2001) (internal quotation marks omitted). Pultrone voluntarily withdrew his initial appeal, but the government filed a cross-appeal contending that the District Court erred in not sentencing Pultrone to the statutory mandatory minimum sentence. *Id.* We agreed and proceeded to vacate the judgment and remand for resentencing. *Id.* After resentencing, Pultrone appealed. He raised issues regarding the sufficiency of evidence to determine the amount of cocaine for which he was responsible and claimed ineffective assistance of counsel. *Id.* at 306–07. We concluded that he "waived his right to appeal issues conclusively established by that judgment" and we explained that "[t]he grant of remand on appeal does not reopen the order appealed from; instead, remand commences a new proceeding which will ultimately terminate in another final order." *Id.* at 308 (alteration in original)

---

[4] The Court instructed the jury that:
> [Y]ou may convict the defendant of aiding and abetting Rezekiel Harris' commission of the firearm offense . . . if you find that Harris used or carried a firearm during the commission of either or both robberies, and if you also find that the Government has proved beyond a reasonable doubt that the defendant had advance knowledge that Harris was going to use or carry a gun during the commission of either or both robberies, and that defendant, thereafter, continued to participate in the robbery or robberies.

(App. 266–67). King argues that the instructions should have explicitly provided that the "requisite advance knowledge must be at a time when the defendant has a reasonable opportunity to walk away." (Appellant's Br. 13) (citing *Rosemond*, 134 S. Ct. at 1249–50).

(quoting *United States v. Mendes*, 912 F.2d 434, 437 (10th Cir. 1990)) (internal quotation marks omitted).[5]

*Pultrone* controls, and therefore we will similarly dismiss King's argument regarding the jury instruction for lack of jurisdiction. King already appealed his conviction and sentence, arguing that the District Court erred procedurally at sentencing by not ordering a complete presentence investigation and report, by not considering King's background and mental health, and by not allowing King to present mitigating circumstances. Brief for the Appellant, Hakim King at 6–7, *United States v. Hakim King*, No. 14-2818 (3d Cir. Oct. 7, 2014). King also argued, as he argues again here, that the Court erred by imposing a substantively unreasonable sentence. *Id.* at 24; (Appellant's Br. 14). Appellant's brief in his initial direct appeal did not mention *Rosemond* or raise any contentions regarding the jury instruction in this case. In the present appeal, King does not rebut the Government's claim that he has waived this argument. Therefore, because King has waived his argument regarding the jury instruction, we will dismiss this argument for lack of jurisdiction.[6]

---

[5] The Government aptly notes that we have reached the same conclusion in many non-precedential opinions in reliance on *Pultrone*. (Appellee's Br. 19 n.3); *see, e.g.*, *United States v. Bankoff*, 514 F. App'x 112, 115 (3d Cir. 2013) (dismissing appellant's argument that he was not competent to stand trial because he did not raise the issue in his first appeal).

[6] Because we will dismiss this argument for lack of jurisdiction, we will not review the merits of King's claim that the District Court plainly erred by failing to instruct the jury on the aiding and abetting charge in compliance with *Rosemond*. We note that in *United States v. Miller*, we explained that there is an exception to the *Pultrone* waiver doctrine when a case is remanded for *de novo* resentencing. 594 F.3d 172, 179 (3d Cir. 2010). Appellee acknowledges that King's resentencing was *de novo*. (Appellee's Br. 17).

*B.*     *Sentencing*[7]

King also argues that the District Court abused its discretion by failing to grant a downward variance and by imposing a sentence greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2). (Appellant's Br. 14). We reject these arguments and will affirm the sentence imposed by the District Court.

Appellate review of King's sentence requires us to consider the substantive reasonableness of the sentence. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). The party challenging the sentence has the burden of proving unreasonableness. *Id.* (citing *United States v. Cooper*, 437 F.3d 324, 332 (3d Cir. 2006)). "Ultimately, [t]he touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *Id.* at 568 (alteration in original) (quoting *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007)) (internal quotation marks omitted).

We "may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines." *Rita v. United States*, 551

Nonetheless, King was only permitted to raise sentencing claims, not challenges to his underlying conviction. *See Miller*, 594 F.3d at 179 ("[W]hen the resentencing is de novo rather than limited, issues concerning the first sentence that were previously waived may be raised in the first instance if warranted by the second sentence.") (citing *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)). King's challenge to the jury instruction concerns his conviction, not his sentence. In addition, we vacated and remanded King's sentence for the purpose of preparing a full presentence investigation report to aid the Sentencing Court. (App. 8). Our remand did not implicate or warrant King's jury instruction challenge.

[7] We review the sentence imposed by the District Court for abuse of discretion. *Miller*, 594 F.3d at 183. King has not waived this argument because it pertains to the resentencing.

U.S. 338, 347 (2007). This presumption reflects the fact that we are reviewing a sentence that both the District Court and Sentencing Commission have reached; "[t]hat double determination significantly increases the likelihood that the sentence is a reasonable one." *Id.* Because we review for abuse of discretion, "we will affirm [the sentence] unless no reasonable sentencing court would have imposed the same sentence on [King] for the reasons the district court provided." *Tomko*, 562 F.3d at 568.

We conclude that King's sentence is substantively reasonable. All of King's arguments on appeal regarding his sentence were sufficiently addressed by the District Court. King may be correct that age is an appropriate consideration for a variance. *See United States v. Cavera*, 550 F.3d 180, 197 (2d Cir. 2008) (en banc). The Court heard arguments regarding King's age, but ultimately it decided that a sentence at the mandatory minimum, which King advocates for on appeal, would not be "an appropriate discharge of [the Court's] responsibilities to protect society from people like [King]." (App. 338–40, 352). The Court discussed the necessity of the thirty-five year mandatory minimum sentence for the firearm offenses, the importance of additional time for the robberies themsleves, King's criminal history and conviction for a violent assault of a woman, King's tendency for recidivism, and the reason King's co-defendant who cooperated with the Government received a lesser sentence. (*Id.* at 349–53). At the same time, the Court also considered King's background and mental health and the fact that King did not actually brandish or hold the gun in this case. (*Id.* at 348–49). The Court additionally disregarded King's marijuana convictions in calculating his criminal history. (*Id.* at 349).

7

King's sentence is within the Sentencing Guidelines range, which renders the sentence presumptively reasonable. *See Rita*, 551 U.S. at 347. Further, the sentence reflects the seriousness of the crimes committed, and a rational and meaningful consideration by the District Court. *See* 18 U.S.C. § 3553(a); *Tomko*, 562 F.3d at 568. Therefore, we will affirm the sentence imposed as substantively reasonable.

### III.    Conclusion

For the foregoing reasons, we will affirm the sentence imposed by the District Court on July 21, 2015.