**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4073
_____

UNITED STATES OF AMERICA

v.

MICHAEL BANKOFF,

Appellant.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-07-cr-00185-001)
District Judge: Honorable Michael M. Baylson

Submitted Under Third Circuit LAR 34.1(a)
on July 12, 2012

Before: FUENTES, HARDIMAN, and ROTH, Circuit Judges

(Opinion filed: February 28, 2013)

_____

O P I N I O N
_____

**ROTH,** Circuit Judge:

Michael Bankoff appeals from the District Court's October 28, 2011, amended

judgment of conviction and sentence entered following our July 27, 2010, order disposing

1

of the parties' cross-appeals from the initial judgment and remanding for further proceedings. For the following reasons, we will affirm the judgment of conviction and the sentence entered by the District Court.

## I.    Background

We briefly summarize the relevant facts, which we previously set forth in detail in our opinion addressing the first appeal, *United States v. Bankoff*, 613 F.3d 358 (3d Cir. 2010).

In 1999, Bankoff began receiving Social Security disability benefits. The Social Security Administration (SSA) subsequently informed him that he was required to repay a $9,000 overpayment. Bankoff sought a waiver of the overpayment, which was denied by SSA claims adjuster Daniel Sphabmixy. In February 2007, Bankoff called Sphabmixy to complain about the denial and also left threatening phone messages for Sphabmixy, who alerted his supervisor, Susan Tonik. Bankoff then called Tonik to apologize and scheduled a meeting for March 9, 2007. On the morning of March 9, however, Bankoff cancelled the meeting and left two threatening voicemails for Tonik, shouting "somebody ought to spit in that bitch's face, she doesn't know how to talk to people . . . I will smack the shit out of that bitch." Tonik became "very worried and very scared." That same day, Bankoff also spoke with SSA claims representative Crystal Robinson, complaining about Tonik and telling Robinson that he would come to the office, take the gun away from "the pig up front," and "slap every woman in the place."

In April 2007, a grand jury returned a three-count Indictment charging Bankoff with threatening employees of the SSA, in violation of 18 U.S.C. § 115. Section

115(a)(1)(B) provides, in relevant part:

> Whoever . . . threatens to assault, kidnap, or murder, a United States official, a United States judge, a Federal law enforcement officer, or an official whose killing would be a crime under [18 U.S.C. § 1114], with intent to impede, intimidate, or interfere with such official, judge, or law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties, shall be punished as provided in subsection (b).

18 U.S.C. § 115(a)(1)(B).

Throughout the proceedings, numerous psychiatric evaluations and hearings were held to determine whether Bankoff was competent to stand trial and whether he should be allowed to represent himself. At a pretrial hearing on March 17, 2008, the District Court found Bankoff competent to stand trial and able to represent himself. Although Bankoff had repeatedly requested to proceed *pro se*, he changed his mind before and during trial, which resulted in him being represented by counsel at times and at other times representing himself with counsel on standby.

The jury found Bankoff guilty of threatening Tonik (Count Two) and Robinson (Count Three) but acquitted him of threatening Sphabmixy (Count One). The District Court granted Bankoff's motion for judgment of acquittal as to Count Three, finding that Robinson was not an "official" within the meaning of the statute. The District Court varied upward from the applicable Guidelines range and sentenced Bankoff to 60 months' imprisonment, to be followed by a three-year term of supervised release.

The parties cross-appealed. We analyzed the proper interpretation of "official," concluded that the District Court erred in granting a judgment of acquittal as to Robinson, and vacated the District Court's judgment on Count Three. We affirmed the denial of a

3

judgment of acquittal as to Tonik on Count Two, rejected Bankoff's Sixth Amendment claim, and remanded the case for further proceedings.

On remand, the District Court denied Bankoff's motion to revisit his competency to stand trial, noting that the issue was beyond the scope of remand because it had not been raised on appeal. At the resentencing hearing on October 27, 2011, after argument and a lengthy colloquy, the District Court found that Bankoff was competent to proceed to resentencing. Though counsel was present, Bankoff insisted on representing himself and was permitted to present his arguments. The District Court found the evidence sufficient to sustain a conviction on Count Three, rejected Bankoff's challenge to a three-level enhancement based on the victims' official status, and considered the 18 U.S.C. § 3553(a) factors. The District Court noted that Bankoff's Guidelines range was higher than at the original sentencing but failed to calculate the revised range on the record. The District Court announced its intention to impose the same sentence despite the revised range and ultimately imposed the same 60-month sentence of imprisonment, to be followed by three years of supervised release, to run concurrently on Counts Two and Three.

Bankoff appealed.

## II.    Discussion

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We review *de novo* whether the District Court properly interpreted and applied our mandate. *See Kilbarr Corp. v. Bus. Sys. Inc.*, 990 F.2d 83, 87-88 (3d Cir. 1993). We address in turn each of the

4

five issues Bankoff, proceeding *pro se*, raises on appeal.

### A.    Competency at Trial

Bankoff argues that the District Court erred by refusing on remand to revisit the issue of his competency to stand trial.  In his first appeal, Bankoff did not challenge the District Court's finding that he was competent to stand trial.  Because the issue could and should have been raised in his first appeal, Bankoff failed to preserve the issue for review.  *See United States v. Pultrone*, 241 F.3d 306, 307-08 (3d Cir. 2001); *see also United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005) (explaining failure to identify or argue an issue in opening brief constitutes waiver of that issue on appeal).  Moreover, the issue of Bankoff's competency was not within the scope of remand, which was limited to consideration of the outstanding sufficiency challenge to Count Three and resentencing.  We are thus without jurisdiction to review the argument now.  *See Pultrone*, 241 F.3d at 308.

### B.    Competency at Resentencing

Bankoff further argues that the District Court erred by finding him competent to proceed to resentencing.[1]  We review the District Court's ruling on the necessity of a competency hearing *de novo* and its factual findings regarding competency for clear error.  *United States v. Leggett*, 162 F.3d 237, 241 (3d Cir. 1998).  A criminal defendant shall be subjected to a competency hearing "if there is reasonable cause to believe that

---

[1]  Bankoff also claims that the District Court erred by allowing him to represent himself at resentencing when he had not requested to do so.  That claim is clearly belied by the record, which shows that Bankoff repeatedly asked to represent himself, and thus we decline to address it.

5

the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). In this fact-intensive inquiry, the District Court considers a number of factors, including "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial." *Leggett*, 162 F.3d at 242.

It is clear from the record that the District Court did not err in determining that Bankoff was competent to proceed with resentencing. The District Court was already familiar with the numerous materials presented at the prior competency hearing, during which it found Bankoff competent to stand trial. In preparation for the hearing on October 27, 2011, the District Court reviewed recent psychological reports prepared by the Bureau of Prisons staff, which stated that Bankoff's current mental status and behavior did not suggest significant mental health problems. During the hearing, the District Court conducted a lengthy colloquy with Bankoff, who correctly and intelligently answered questions about the proceedings, presented coherent and logical arguments regarding his motion for judgment of acquittal and in favor of a more lenient sentence, and corrected the District Court when it mistakenly identified the prosecutor at trial as the defense counsel. The District Court thus properly concluded that Bankoff was "very competent" and demonstrated a "very high degree of knowledge" about the proceedings.

## C.    Sufficiency of the Evidence

Bankoff contends that no reasonable jury could find him guilty on Count Three.[2] For a sufficiency of the evidence claim, we "view the evidence in the light most favorable to the government and must sustain a jury's verdict if a reasonable jury believing the government's evidence could find beyond a reasonable doubt that the government proved all the elements of the offenses." *United States v. Rosario*, 118 F.3d 160, 163 (3d Cir. 1997) (internal quotations omitted).  This places "a very heavy burden" on appellant.  *Id.*

In support of his motion for a judgment of acquittal, Bankoff argued before the District Court that the evidence was insufficient to establish that his conduct constituted a "true" threat against Robinson or that he acted with the requisite intent.  Based on the record, we conclude that a rational juror could find beyond a reasonable doubt that Bankoff's statements constituted a threat to Robinson and that Bankoff acted with the intent to impede, intimidate, or interfere with Robinson with respect to the performance of her official duties.  We thus affirm the District Court's denial of the motion for judgment of acquittal on Count Three.

## D.    Resentencing

Bankoff contends—and the government concedes—that the District Court procedurally erred by failing to determine his revised Guidelines range at the

---

[2]  Bankoff also argues that the evidence is insufficient as to Count Two because exculpatory evidence shows he is innocent.  Bankoff previously challenged the District Court's denial of his motion for judgment of acquittal on Count Two solely on the basis of the interpretation of "official" within the meaning of the statute, and we affirmed his conviction on that count.  *Bankoff*, 613 F.3d at 372.  To the extent that Bankoff now attempts to raise a different insufficiency argument, he has waived it.  *See Pultrone*, 241 F.3d at 308.

resentencing hearing. We agree. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (listing the failure to calculate the Guidelines range as a significant procedural error). This type of error typically requires reversal but, under limited circumstances, can be harmless. *United States v. Langford*, 516 F.3d 205, 215 (3d Cir. 2008). "For the error to be harmless, it must be clear that the error did not affect the district court's selection of the sentence imposed." *Id.* (citing *Williams v. United States*, 503 U.S. 193, 203 (1992)). "[T]he record must be unambiguous that the miscalculation of the range had no effect and that the sentencing judge would have imposed the same sentence under a correct Guideline range." *United States v. DeMuro*, 677 F.3d 550, 569 (3d Cir. 2012) (internal quotation marks and citation omitted).

Remand is unnecessary here because the District Court's error was harmless. While Bankoff's applicable Guidelines range rose to 51 to 63 months, from 41 to 51 months, it is clear from the record that the District Court never intended to impose a higher penalty than the 60 months originally imposed. Because Bankoff would have received the same sentence even if the District Court had calculated the new Guidelines range, this error was harmless. We thus affirm the sentence imposed by the District Court.

### E.    Ineffective Assistance of Counsel

Ineffective assistance of counsel claims should ordinarily be raised in a collateral proceeding rather than on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Thornton*, 327 F.3d 268, 271-72 (3d Cir. 2003) (deferring such claims to a collateral attack unless the record on direct appeal is sufficient to allow

8

determination of the issue).  Because the record before us is insufficient, we decline to address Bankoff's allegations.  Any claim that Bankoff may have based on ineffective assistance of counsel must be raised under the provisions of 28 U.S.C. § 2255.

**III.    Conclusion**

For the foregoing reasons, we will affirm the judgment of conviction and the sentence entered by the District Court.